3s  499
e112a  83

OSMOND C. TIFFANY *et al.*, plaintiffs in error, *v.* SIDNEY BREESE, defendant in error.

*Error to Sangamon.*

Where a summons against two defendants was returned served on one only, and no mention was made of the other defendant in the sheriff's return, and judgment was rendered against the defendant who was served with the summons, and no order for a *scire facias* was taken against the other: *Held*, that a *scire facias* might issue against the other defendant, at any time, without an order of Court.

THE procedings in this cause, in the Sangamon Circuit Court, were had at the November term, 1841, before the Hon. Samuel H. Treat.

The judgment against Afflick was for $1495.06, by agreement, with stay of execution for six months.

(1) *Ante* 437.

L. Trumbull, for the plaintiffs in error, cited R. L. 487, § 4; Gale's Stat. 530; 1 Missouri 16; 3 Marsh. 176; 3 Monroe 202; 4 Monroe 114, 129; 2 Marshall 249; 2 Saund. 72; Tidd's Pract. 1007, 1009, 1036; Laws of Ala. 488–9; Smith *v.* Blakeney, 8 Porter 128.

J. Shields and S. T. Logan, for the defendant in error, cited 2 Johns. 89; 1 Johns. 59; 6 Blackf. 106, 388.

Treat, Justice, delivered the opinion of the Court: (1)

An action of *assumpsit* was instituted in the Clinton Circuit Court, by Tiffany, Duvall & Co., against Thomas B. Afflick and Sidney Breese, to recover the amount of a promissory note made by Afflick & Breese as partners. A summons was issued returnable to the March term, 1839, on which the sheriff made return of service on Afflick, but no return of any kind as to Breese. At that term, the default of Afflick was entered, and judgment rendered against him for the amount due on the note, but no order was made for a *scire facias* against Breese. In January, 1841, the plaintiffs sued out of the clerk's office a summons, in the nature of a *scire facias,* to make Breese a party to the judgment rendered against Afflick, which was returned duly served. By consent, a change of venue was had to Sangamon county, where the defendant moved the Court to quash the *scire facias,* because there was no return as to him, on the original summons, and because the *scire facias* was issued without authority, the Court having made no order for its issuance. The motion was sustained by the Court, and the *scire facias* quashed.

This decision is now assigned for error. It was perhaps irregular to render judgment against Afflick, when there was no return on the process as to his co-defendant. If, however, this be an irregularity, it cannot be enquired into when it arises collaterally, but must be taken advantage of, by the party who is injured by it, by appeal, or writ of error. Breese is not injured, and should not in this proceeding be permitted to question the regularity of the judgment. Whether regular or not, the judgment is binding until set aside or reversed, and is a sufficient foundation for the issuing of a *scire facias* under our statute. Breese was not served with the original process, and consequently was not before the Court, and we are of the opinion, that the omission of the sheriff to make any return as to him, should, for the purposes of the present proceeding, be regarded as equivalent to the return of *non est inventus.*

The other question, whether the *scire facias* was properly issued by the clerk, without an order of the Court, depends upon the construction to be given to the fourth section of the practice act. (2)

(1) Scates, Caton, and Semple, Justices, did not hear the argument in this case, and gave no opinion.
(2) R. L. 487; Gale's Stat. 530.

Tiffany *et al. v.* Breese.

That section provides, that in cases where there are several defendants, a part only of whom are served with process, and the rest not found, judgment may be rendered against those before the Court, and declares that "the plaintiff or plaintiffs may, at any time afterterwards, have a summons, in the nature of a *scire facias*, against the defendant or defendants not served with the first process as aforesaid, to cause him, her, or them, to appear in the said Court, and show cause why he, she, or they should not be made a party to such judgment, and the Court shall, thereupon, proceed to hear and determine the matter in the same manner as if such defendant or defendants had been originally summoned or brought into Court ; and such defendant or defendants shall be allowed the benefit of any payment which may have been made, on the judgment before recovered, and the judgment of the Court against the defendant or defendants, in such case, shall be that the plaintiff or plaintiffs recover against such defendant or defendants, together with the defendant or defendants in the former judgment, the amount of his debt or damages, as the case may be." At common law, where several defendants were sued in one action, on a joint undertaking, the plaintiff was not permitted to take judgment against any, until all were served with process, or until those who could not be served with process, were proceeded against to outlawry. Our statute has substituted the return of *non est inventus*, for that of outlawry, and so far changed the common law as to authorize judgment to be rendered against the defendants who are in Court by the service of process ; and if the plaintiff desires to proceed further against the other defendants, he is permitted to do so, by suing out a *scire facias*, and making them parties to the judgment he has already obtained.

It was insisted on the argument, that the plaintiff, to entitle him to this process, must obtain from the Court an order for it, at the time that he takes his judgment, and in this way continue the case on the docket ; and if he fails to do this, he elects to discontinue the suit as to the defendants not before the Court, and rely solely on the judgment, for the collection of his debt. The usual practice, on the circuit, has been for the plaintiff, at the time he obtains judgment, to ask for an order that a *scire facias* issue against the defendants who are not served with the original process. This practice is certainly correct and convenient. It indicates the intention of the plaintiff to proceed further with his suit, and the order is an authority to the clerk to issue the process. But we do not think that, by omitting to obtain this order, he is precluded from afterwards suing out the *scire facias*. Such a rule would do violence to the provisions of the act before referred to. Its language is, that "the plaintiff may, at any time afterwards, have" this process. Its meaning is clear and obvious. He is entitled to the process of *scire facias*, as much as the process of summons, at the commencement of the suit, and either may issue in vacation, without

any previous order of the Court, made while in session. No good reason has been shown why the plaintiff should be required to obtain this previous order of the Court, before suing out the *scire facias.* He may proceed by execution to collect the judgment already rendered, and if successful, the necessity for the *scire facias* is superseded. If he ascertains that his debt cannot be collected in that way, he may then procure the *scire facias,* and bring into Court the other defendants, for the purpose of making them parties to the judgment, and liable to pay it. The defendant thus brought into Court cannot complain of the delay occasioned by the attempt to collect the debt from his co-defendant. He is not injured by the delay, for none of his rights are concluded. He can interpose any defence that he had at the time of the first judgment, and any that has arisen since; and he has the benefit of all collections made by the sheriff on the judgment, or payments by his co-defendants.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*